Brown *v.* Greggs, Appellant.

132

Argued March 2, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*David W. Phillips,* and with him *David J. Reedy,* for appellant.

*Edward J. Kelly,* and with him *John P. Kelly, Clarence Balentine* and *W. J. Fitzgerald,* for appellee.

OPINION BY BALDRIGE, J., March 13, 1931:

This appeal calls for the consideration of the correctness of the court below in refusing to give binding instructions to the jury in favor of the defendant and also a motion to enter judgment n. o. v.

In passing upon this contention, we must accept as true all the testimony and inferences deducible therefrom favorable to the plaintiff. Considering the testimony in this light, we note that on the afternoon of the 14th of January, 1927, the plaintiff was driving a truck southwardly on Boulevard Avenue, in the city of Scranton, and the defendant was driving a truck in the opposite direction. The cartway was covered with snow and ice, which, due to traffic, had formed into a number of ruts or ridges, approximately 4 or 5 inches deep. The wheels of both trucks were in the ruts and the trucks approached one another at the rate of about 15 miles an hour. When the defendant was part way past the plaintiff, he suddenly swerved his truck to the right, causing its rear end to extend diagonally on to the plaintiff's side of the road and to come in violent contact with the cab of the plaintiff's truck, resulting in the plaintiff's injury. This diversion of the forepart of the defendant's truck was not required for his safety or by the exigencies of the situation, and if he had proceeded without changing his course, the accident would not have occurred as there was a clearance of 6 inches between the two trucks. It is true, as alleged by the defendant, that the plaintiff was unable to see just how the defendant was operating his truck at the time of the accident as his cab had passed the defendant's cab, but Mr. Harvey, witness called for the defendant, testified that the accident happened while the defendant was "swinging to the right," and the defendant himself conceded that he had turned his front wheels out of the ruts and was proceeding toward a high bank

to his right, so that he was unable to free his rear wheels. The defendant maintained that his left wheels and the left wheels of the plaintiff's truck were in the same rut and that when he was about 100 feet distant, not at the time of passing, as alleged by the plaintiff, he attempted to turn to the right to get out of the rut, although he was already on his right side of the road, and that the plaintiff neglected to exercise control of his truck by stopping, and that he ran into the rear of the defendant's truck. Whether he attempted to turn before or at the time of passing the plaintiff was a disputed fact. It was the plaintiff's cab, not the front of his truck, that was damaged, which strongly supports the contention that the defendant swung his front wheels suddenly to the right as they were passing and that the plaintiff did not hit the defendant's truck; otherwise, the bumper or the front part of the plaintiff's truck would, in all probability, have been damaged. Under the plaintiff's theory that the trucks had partly passed each other when the defendant attempted to turn out, the defendant must have known of the proximity of the trucks and that his endeavor to extricate his front wheels from the ruts would, of necessity, throw the rear of his truck over on that portion occupied by the plaintiff and thus cause a collision. In other words, if the defendant had exercised ordinary care and caution, he would have foreseen that the collision was bound to occur.

The facts did not permit the court to say as a matter of law that the plaintiff was guilty of contributory negligence, or that the defendant had exercised such care as the attending circumstances required. We readily concede to the appellant's argument that the mere happening of an accident, without more, raises no presumption of negligence. But the defendant's negligence was not an unreasonable assumption or a conjecture unsupported by facts. The circum-

stances clearly warranted the inference that the defendant attempted to turn to the right when he might and ought to have anticipated that the natural and probable consequences of his action would result in a collision. Nothing more was exacted of the plaintiff than to make out a case for the jury, which he did.

The learned court very fairly and adequately submitted the questions involved to the jury and we find no error to disturb the determination reached.

Judgment affirmed.